STATE, AARON DAWES, PROSECUTOR, v. MAYOR AND COMMON COUNCIL OF THE BOROUGH OF HIGHTSTOWN.

1. Power given a municipal corporation to pass ordinances for removing obstructions, encroachments and nuisances from highways, is a mere police and ministerial power. It differs from the power, sometimes given, to fix and determine the boundaries of highways in order to ascertain whether there are encroachments thereon, which power is judicial, to be exercised on notice, &c.

2. The former power does not justify municipal authorities in removal of buildings occupied along the line of a street for thirty years, under the pretence that they had adjudicated that the buildings were within the line of the street, and therefore encroachments thereon, although the ordinance so adjudicating was passed on notice to the owner and after he had an opportunity to be heard.

On *certiorari.*

Argued at June Term, 1883, before Justices SCUDDER, REED and MAGIE.

For the prosecutor, *A. S. Appleget.*

For defendants, *R. M. J. Smith.*

The opinion of the court was delivered by

MAGIE, J. On November 14th, 1882, the common council of the borough of Hightstown resolved that "the council, upon

Dawes v. Hightstown.

investigation and evidence taken this evening, do find the centre lines of Mercer and Main streets, as defined on a map made by Joseph J. Ely; and the exterior lines of said streets, thirty-three feet from said centre lines."

On the same evening an ordinance was presented and adopted by which it was enacted that Main and Mercer streets be opened to the width as marked on said map, and the street committee were thereby authorized and directed to cause all obstructions which were not, at the time, standing buildings within thirty-three feet on either side of the centre lines, as located and defined, to be removed.

It appears that prosecutor owns land in Hightstown, on which he erected buildings in 1851. These buildings were partially destroyed by fire in 1882. Thereafter other buildings were erected on the same foundation. These were also destroyed or damaged by fire, and at the time of the resolution and ordinance in question, only the lower story or a portion of it remained standing. If council's proceedings are valid the site of these buildings, or a part of it, will be within the lines of the streets, and the buildings, or what remains of them, will be removed as obstructions.

Prosecutor removed to this court, by *certiorari*, former proceedings of the council of Hightstown designed to affect the same property. The ordinance then brought up was held to be void. *Dawes v. Hightstown*, ante p. 127. This result was put upon the two-fold ground that the prosecutor had received no notice of the proceedings and was given no opportunity to be heard, and that the power of the council did not extend to the case in which they attempted to act.

The prosecutor has brought the present proceedings here for review, and insists that they ought also to be set aside. They were commenced by a notice given to prosecutor by the borough authorities. A hearing was accorded to prosecutor, and the resolution and ordinance in question were passed after the taking of evidence, which evidence is contained in the return.

The notice is plainly insufficient to support the adjudication respecting the exterior lines of the streets, for it only notified

prosecutor that council would adjudicate on the location of the centre lines of the streets.

The hearing and adjudication, on the evidence taken, amounted to a travesty on judicial proceedings. The only witness called testified that he had placed iron bolts to establish the centre lines of the streets; that his map was correct and that the width of the streets was sixty-six feet. How he arrived at the location of the centre lines, how he ascertained the width, how much prosecutor's buildings encroached on the street, did not appear. Upon such evidence council passed the resolution and ordinance under which it is proposed to oust prosecutor from land which he has occupied with buildings for over thirty years.

But, passing by these serious objections, it is clear that the council of this borough has not been entrusted with the power to thus adjudicate upon the rights of land-holders.

The only power conferred on them in this respect is that contained in the charter of the borough (*Pamph. L.* 1853, *p.* 312,) or in a supplement thereto (*Pamph L.* 1871, *p.* 779.) By the former the council was authorized to pass ordinances for "preventing and removing all obstructions or encroachments in or upon the streets, highways, lanes and sidewalks of said borough;" by the latter the council was empowered to pass ordinances for the purpose of declaring what shall be considered nuisances in streets, roads, lots and places, and to prevent and remove all encroachments and nuisances in and upon any street, road, sidewalk, &c.

No power is given in terms to fix or determine upon the lines of streets already existing, or to adjudicate in case of a dispute between the public and a land-owner as to the proper location of such lines. If such power is possessed by council it must arise from the powers above enumerated, viz., to declare what is to be considered nuisances in streets, and to remove encroachments and nuisances from highways. Similar provisions contained in a charter of Jersey City were considered and construed by this court in *State, Associates, &c., pros.,* v. *Jersey City,* 5 *Vroom* 31. The power thereby con-

ferred was held to be a police power, ministerial in its nature, and designed to relieve the public from such obstructions in streets as are apparent or readily ascertainable without the necessity of adjudication. It was distinctly held to differ from the power which determines the boundaries of streets in order to ascertain whether they have been encroached on or not. The latter was held to require action of a judicial nature, with respect to which parties affected had a right to be heard. The former was declared to be capable of exercise only to the extent that the right is clear or reasonably known and not so as to invade rights which from their doubtful or uncertain nature required a lawful determination.

The principle thus established is applicable to the charter of this borough, and was applied thereto properly in the case previously mentioned. The council, probably misapprehending the scope of that decision, have again undertaken, under this police power, to adjudicate upon prosecutor's rights. This requires the repetition of the former decision. We therefore hold the proceedings invalid because the council had no power to take such proceedings in the case presented by the return and affidavits.

Let the resolution and ordinance be set aside, with costs.